## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In Re:

James Hoyer, P.A.                                    Case No.: 8:19-bk-10787-CPM
                                                     Chapter 7

      Debtor.

_____/

### TRUSTEE'S MOTION TO APPROVE SETTLEMENT
### BETWEEN DOUGLAS N. MENCHISE, WILBANKS &
### GOUINLOCK, LLP AND ELAINE J. STROMGREN

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service attached to this paper plus an additional three days for service if any party was served by U.S. Mail.  You should read these papers carefully and discuss them with your attorney if you have one.  If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated.

If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Suite 555, Tampa, Florida 33602, and serve a copy on the movant's attorney, Steven M. Berman, Esq. (sberman@shumaker.com) Shumaker, Loop & Kendrick, LLP, 101 E. Kennedy Blvd., Suite 2800, Tampa, FL 33602, and any appropriate persons within the time allowed.  If you file and serve a response with the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

Douglas N. Menchise, Chapter 7 Trustee ("Trustee"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, hereby moves for entry of an Order approving the settlement terms described herein between the Trustee, on the one hand, and Wilbanks & Gouinlock, LLP (W&G) and Elaine J. Stromgren ("Stromgren")(together the "Settling

Attorneys"), on the other hand, and in support thereof states:

**General Background**

1.      On November 13, 2019 (the "Petition Date"), James Hoyer, P.A.. ("Debtor") filed its voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

2.      On November 14, 2019, the Trustee was appointed as the Chapter 7 Trustee.

3.      Stromgren was a partner in the Debtor law firm, and its successor, Hoyer Law Group, PLLC ("HLG"), and in that capacity represented Wendy Johnson ("Johnson" or "Relator"), pursuant to a written Retainer Agreement with the Debtor executed on December 7, 2012 (the "Debtor's Retainer Agreement"), in connection with Johnson's qui tam claim against Millennium Laboratories, Inc. which resulted in litigation styled as *United States, et al., ex rel. Mark McGuire v. Millennium Laboratories of California, Inc.,* No. 12-cv-10132 (U.S. District Court, D. Mass) (the "FCA" or  "Settled Case").

4.      Stromgren left HLG and joined Wilbanks & Gouinlock, LLP ("W&G") on or about September 1, 2019.  Johnson elected to transfer her file to Stromgren and W&G, and on or about October 9, 2019, Johnson signed a Retainer Agreement with W&G (the "W&G Retainer Agreement"), and W&G and Stromgren entered appearances as substitute counsel in the FCA.

5.      In or about April 2020, a settlement was reached in the FCA, resulting in a 40% contingency fee totaling $170,357.86 to Johnson's counsel, with payments of $160,136.40 made to Stromgren and $10,221.46 made to local counsel, Suzanne Dorrell.

6.      The Trustee objected to the payment of the fees to Stromgren based on the Debtor's right to payment, of at least a pro rata share of the $160,136.40 fee paid to Stromgren, pursuant to the Debtor's Retainer Agreement.

7.      Thereafter, the Trustee and Settling Attorneys began settlement discussions to

resolve the dispute regarding the proper allocation of fees as between the Trustee/Estate and the Settling Attorneys.

## Terms of Settlement

8.      Trustee has agreed to accept $120,102.30 in settlement of the Parties' dispute from the Settling Attorneys, which shall serve as consideration for the Trustee's agreement to enter into a Confidential Settlement Agreement and Mutual Release ("Settlement Agreement") with the Settling Attorneys, calling for *inter alia* a release of any and all claim to any other fees or monies recovered in the FCA Case[1] which is incorporated herein by reference.

9.      Effective upon the approval of this Settlement Agreement, the Trustee and the Debtor's estate, forever release, discharge, and waive and shall be deemed to have released, discharged, and waived, any and all claims, liabilities, costs (including attorneys' fees and costs) and causes of actions under Chapter 7 of the Bankruptcy Code that they have, or may have against the Settling Attorneys (i.e. Wilbanks & Gouinlock, LLP and Elaine J. Stromgren) related to the FCA at issue and the proper allocation of attorneys' fees in connection with the settlement of the FCA, other than compliance with the terms of this Agreement.

10.      The terms of this Settlement Agreement as set forth herein represent the entire agreement between the Trustee and the Settling Attorneys and shall be enforceable as set forth herein.

11.      The Bankruptcy Court shall retain jurisdiction to interpret and/or enforce the terms of this settlement, and the Bankruptcy Court shall be the exclusive venue for any request by either the Trustee or the Settling Attorneys to interpret and/or enforce this settlement.

## Basis for Relief Requested

---

[1] Pursuant to the Confidential Settlement Agreement and Mutual Release confidentiality provisions, it has not been attached to this motion, but can be provided to this Court, if necessary, under seal.

12.     The Bankruptcy Court's authority to approve this settlement is set forth in Rule 9019 of the Federal Rules of Bankruptcy Procedure ("FRBP"), which provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." FRBP Rule 9019.

13.     The Fifth Circuit concluded that the overarching consideration in ruling on a settlement is whether the settlement is "fair and equitable" and "in the best interest of the estate." *Rivercity v. Herpel (In re Jackson Brewing)*, 624 F.2d 599, 602 (5th Cir. 1980).

14.     "It has long been the law that approval of a settlement in a bankruptcy proceeding is within the sound discretion of the court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air*, 85 B.R. 886, 890-891 (Bankr. S.D. Fla. 1988).

15.     It is generally recognized that the law favors compromise of disputes over litigation. *In re Blair*, 538 F.2d 849 (9th Cir. 1976). Some courts have held that a proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce. *In re New Concept Housing, Inc.,* 951 F.2d 932 (8th Cir. 1991).

16.     In *In re Justice Oaks II, Ltd.,* 898 F.2d 1544 (11th Cir. 1990), *cert. denied* 498 U.S. 959, 111 S. Ct. 387, 112 L. Ed. 2d 398 (1990), the Court identified certain factors which must be considered in determining whether to approve a compromise, which are (a) the probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending to it; and (d) the paramount interest of the creditors and proper deference to their reasonable views in the premises. To approve the compromise, the Court need not determine which party would ultimately prevail, but only that the matter was open to

reasonable doubt.

17.     The Trustee's business judgment plays a role in the settlement of a claim that is property of the bankruptcy estate.  *In re Indian Motorcycle, Inc.*, 289 B.R. 269, 283 (1st Cir. BAP 2003) ("Compromises are generally approved if they meet the business judgment of the trustee.").

18.     Accordingly, the Trustee submits that, in his business judgment, the terms of the settlement as described herein are overwhelmingly in the best interest of this Estate, its creditors and other parties in interest.

**WHEREFORE**, the Trustee respectfully requests this Court enter an order that (i) grants this Motion; (ii) approves the terms of settlement as described in this Motion; (iii) authorizes the parties to consummate the settlement; and (iv) awarding such other and further relief as this Court deems just and appropriate.

DATED: July 7, 2020              **SHUMAKER, LOOP & KENDRICK, LLP**

                                 By:  /s/ Steven M. Berman
                                 **Steven M. Berman, Esq.**
                                 Florida Bar No. 856290
                                 sberman@shumaker.com
                                 101 E. Kennedy Blvd., Suite 2800
                                 Tampa, Florida 33602
                                 Phone (813) 229-7600
                                 Facsimile (813) 229-1660
                                 *Counsel for Ch. 7 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 7, 2020, the foregoing was furnished by CM/ECF notice to all counsel of record, and served via U.S. Mail to the following:

United States Trustee - TPA7, 7          And to all Required Parties-in-Interest per
Timberlake Annex, Suite 1200             the attached all Creditor Matrix
501 E Polk Street
Tampa, FL 33602

                                 /s/ Steven M. Berman
                                 **Steven M. Berman, Esq.**