ORDERED.

Dated: August 06, 2020

*Catherine M. Ewen*
Catherine Peek McEwen
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In Re:

James Hoyer, P.A.                                    Case No.: 8:19-bk-10787-CPM
                                                     Chapter 7
　　　Debtor.
_____/

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE
### SETTLEMENT BETWEEN DOUGLAS N. MENCHISE,
### WILBANKS & GOUINLOCK, LLP AND ELAINE J. STROMGREN (DOC. 70)

THIS MATTER came on for consideration by this Court, without a hearing, on the Trustee's Motion to Approve Settlement between Douglas N. Menchise ("Trustee"), Wilbanks & Gouinlock, LLP and Elaine J. Stromgren (collectively the "Settling Attorneys") (Doc. 70) (the "Motion"). This Court, having reviewed the Motion, being otherwise familiar with the papers and pleadings in this case, finding that all creditors and parties in interest have been duly-noticed pursuant to Local Rule 2002-4 and that no objections were filed with respect to the Motion, finds that the Motion should be granted. Accordingly, it is ORDERED, ADJUDGED AND DECREED that:

1. `The Motion is GRANTED and the compromise of controversies by and between the Trustee and the Settling Attorneys is hereby approved as set forth in the Motion, and the Trustee's entry into the settlement agreement[1], as described in the Motion, is hereby authorized.

2. The Settling Attorneys are directed to pay the Trustee a total amount of $120,102.30 ("Settlement Payment") no later than seven (7) days after the entry of this Order approving the settlement agreement, by cashier's check and/or wire transfer, with any check payable to the order of Douglas N. Menchise, Trustee of the Bankruptcy Estate of James Hoyer, P.A. and delivered to Steven M. Berman, Esq., Shumaker, Loop & Kendrick, LLP, 101 E. Kennedy Blvd., Suite 2800, Tampa, FL 33602.

3. The Settling Attorneys shall be entitled to retain $40,034.10, or 25% of the original$160,136.40 total fee payment to attorney Stromgren in the Settled Case.

4. All claims or objections by the Settling Attorneys as against the Estate, the Trustee and his professionals shall be disallowed or overruled as appropriate.

5. This Court reserves the fullest jurisdiction necessary to enforce the terms of the compromise and settlement referenced in the Motion and approved by this Order.

###

Attorney Steven M. Berman is directed to serve a copy of this Order on all interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.

---

[1] Pursuant to the Confidential Settlement Agreement and Mutual Release confidentiality provisions was attached to this motion.